## LAMB *v.* YORK

[No. 20,580. Filed October 30, 1968. Rehearing denied December 5, 1968. Transfer granted May 8, 1969.]

*Edbert P. Zell, Jr.*, of Clinton, and *Jerdie D. Lewis*, of Terre Haute, for appellant.

*Mann, Mann, Chaney, Johnson and Hicks*, of Terre Haute, for appellee.

PER CURIAM.—This is an action brought by the appellee-plaintiff against the appellant-defendant to recover damages for personal injuries received as a result of appellee's left leg getting caught between the revolving rollers of a self-propelled windrower and hay conditioner. This mishap occurred on appellant's farm when appellee attempted to free some wheat straw or stubble from the rollers or crimpers with his foot without first shuting off the motor or placing the power take-off in neutral. Appellee at the time was working as a farm hand for appellant.

The case was submitted to the jury upon appellee's allegations of negligence on the part of appellant as follows:

a. Defendant provided plaintiff with a dangerous piece of machinery without first providing him with operating instructions for the safe operation thereof.

b. Defendant failed to warn plaintiff of the hazard which was known to defendant and unknown to plaintiff.

c. Defendant failed to remove the hay conditioner, knowing or having reason to know that such attachment was hazardous to the user under the conditions for which said machine and attachment were then and there being used.

All of these allegations were denied by appellant in his answer filed pursuant to Rule 1-3 of the Supreme Court.

The jury returned a verdict in favor of the appellee in the sum of $50,333.00, and judgment was entered thereon accordingly. Appellant filed a timely motion for new trial, which was overruled. The overruling of such motion is the sole assignment of error relied upon by appellant on this appeal.

Numerous specifications of error are included in appellant's motion for new trial. However, we deem it necessary to consider only specification 4(a), which reads as follows:

"4. Error of law occurring at the trial:

(a) The Court erred in overruling defendant's motion that the panel be discharged and submission withdrawn from the consideration of the jury in plaintiff's counsel calling to the witness stand Gale Jones, and asking his business or occupation for the sole reason getting before the jury that the business or occupation of said witness was with the Home Office, Claim Department, American States Insurance Company, which witness was called to the stand by plaintiff's counsel after the Court had sustained defendant's motion for separation of witnesses, which said questions, answers, comments of counsel, motion to instruct the jury to disregard the witness's answer, and defendant's motion that the panel be discharged and the submission withdrawn, are as follows:

'Q. State your name please.

A. Gale Jones.

Q. Where do you live?

A. Indianapolis, Indiana.

Q. What's your business or occupation?

Mr. Lewis: To which we object as being immaterial and irrelevant.

Court: I'll sustain the objection.

A. I didn't hear you sir.

Court: I'll sustain the objection.

Mr. Mann: If the Court please, I can't make an offer of proof because I don't know what this man's occupation is. This is the first time in my legal career I've ever had a Court sustain objection to a person being asked their occupation.

Mr. Lewis: I would like to ask —

Court: Normally, it is permissible. It's your responsibility, I'll overrule the objection. He may answer.

A. Will you state the question again, sir.

Q. Will you read the question please.

Reporter: What's your business or occupation?

A. I'm with the home office claim department of the American States Insurance Company.

Mr. Lewis: Now, if the Court please —

Q. No further questions.

Mr. Lewis: Just a moment, I wish to strike out the answer and move that the jury be instructed to disregard the answer in that the question was not asked in good faith and at this time we ask the Court to strike it and instruct the jury to disregard it.

Mr. Mann: It is asked in good faith. I thought he was with Owa - Owatona —

Mr. Lewis: Oh, you didn't either. You went back there and talked to him.

Mr. Mann: I thought maybe he was an expert.

Mr. Lewis: I'm going to ask the Court—

Mr. Mann: I just went back and asked the man what he was doing here and he wouldn't tell me. He said he was just a spectator.

Mr. Lewis: If the court please we moved for separation of witnesses and had he been a witness he wouldn't have been sitting here.

Court: The jury is admonished to disregard. This matter has no relevancy in this action and the jury is admonished to disregard the answer of the witness.

Mr. Lewis: And now at this time, if the court please, the admonition isn't sufficient, in view of counsel's acts in doing it and for that reason we move the court

that the panel be discharged in this particular case and the submission withdrawn from consideration of the jury.

Court: Motion will be overruled. The jury will be admonished that this matter has no relevancy in this cause and the testimony of this witness has no relevancy to this action.

Q. Do you know anything about these Owatona mowers?

A. No, sir.

Q. That's all.' "

Evidence that the defendant-appellant was insured was not properly admissible and its admission was clearly prejudicial. Under all of the circumstances disclosed by the record, we can reach no other conclusion but that such evidence was harmful and prejudicial. See: *Taggart v. Koebler* (1926), 198 Ind. 633, 638, 154 N. E. 485.

Decisions of this state recognize the rule that in a tort action for damages evidence as to insurance carried by a defendant is generally inadmissible not only because it is irrelevant, but also because it tends to prejudice the jury against the defendant. *Miller v. Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633, 637-638, 5 Ind. Dec. 551, 557. See also: *White v. Evansville American Legion Home Assn.* (1965), 247 Ind. 69, 210 N. E. 2d 845, 6 Ind. Dec. 563, 565-566.

Although the trial judge admonished the jury to disregard the testimony of the witness, Gale Jones, we do not believe this was sufficiently convincing to correct the harm done by its admission. In the case of *Martin v. Lilly* (1919), 188 Ind. 139, 121 N. E. 443, our Supreme Court said as follows:

"It is insisted in the instant case that this error of misconduct was cured by an instruction. It is true that erroneous and extraneous matters sometimes get into a law suit through the zeal of counsel, and, if checked at

once by the trial court and the jury is instructed, this may be cured; *but one party may not be permitted to get the other into a dying condition and then expect the court to revive him by instructions.*" (Emphasis supplied).

Appellee has cited *Rust v. Watson* (1966), 141 Ind. App. 59, 215 N. E. 2d 42, 8 Ind. Dec. 21, in support of his position. However, we find that *Rust v. Watson, supra,* has no applicability to the case at bar as this court expressly confined its opinion in said case to "the voir dire examination of the prospective jurors."

Furthermore, even in cases involving voir dire examinations, our courts have imposed a "good faith" requirement upon counsel. *Martin v. Lilly, supra; King v. Ransburg* (1942), 111 Ind. App. 523, 533-534, 39 N. E. 2d 822. From a review of the record, we cannot say that such a requirement was met in this case.

Neither can this error be rendered harmless by arguing that jurors have a preconceived notion that the defendant is always insured. Without discussing whether or not jurors are possessed with such a notion, the fact is that our Supreme Court continues to hold that such evidence is improper.

Further, it should be noted that the case at bar is an action arising out of the use of farm machinery—it did not involve an automobile collision, nor was it based upon an industrial accident. In the case at bar it is highly unlikely that the jurors had any preconceived idea that the defendant-appellant was insured against any loss resulting from the use of farm machinery by an employee.

Mr. Jones was the first witness called by the appellee. Therefore, the jury was immediately informed that appellant was insured, and all subsequent testimony was tainted with this fact.

In view of the improper admission of evidence of insurance, we are of the opinion that the trial court should have

sustained appellant's motion to withdraw the submission of the case from the jury.

Judgment reversed with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 241 N. E. 2d 157.