## ARED LAMB *v.* LLOYD YORK.

[No. 569S107. On transfer filed May 8, 1969. No petition for rehearing filed.]

*Edbert P. Zell, Jr.,* Clinton, *Judie D. Lewis,* Terre Haute, for appellant.

*Hansford C. Mann, Mann, Mann, Chaney, Johnson & Hicks,* Terre Haute, for appellee.

GIVAN, J.—This cause comes to this Court on transfer from the Appellate Court. The Appellate Court rendered its written opinion on the 30th day of October, 1968, reversing the trial court and ordering a new trial in this cause. (143 Ind. App. 454, 15 Ind. Dec. 575, 241 N. E. 2d 157.)

This was an action brought by the appellee against the appellant to recover damages for personal injuries received as a result of his left leg getting caught between the rollers of a self-propelled hay conditioner which the appellee was operating as an employee of the appellant. A jury trial resulted in a verdict and judgment for appellee in the amount of $50,333.00.

The Appellate Court reversed on the sole ground that the trial court had erred in overruling defendant's motion that the jury be discharged and the submission withdrawn from its consideration because plaintiff's counsel had called to the witness stand one Gale Jones and asked his business or occupation, to which the appellant objected, and over such objection

the witness was permitted to answer that he was with the Home Office Claim Department of American States Insurance Company.

It is the position of this Court that the Appellate Court was in error in so holding. This question will be dealt with in this opinion along with the alleged errors in the order presented.

Appellant for his sole assignment of error in this Court alleges that the trial court erred in overruling his motion for new trial.

Appellant's first ground in his motion for new trial was that the damages assessed are excessive. However, he does not address an argument in his brief to support this point and thereby waives it under Rule 2-17 of this Court.

In his brief appellant groups the following grounds in his motion for new trial:

"2. The verdict of the jury is not sustained by sufficient evidence.

"3. The verdict of the jury is contrary to law.

"5. The Court erred in overruling defendant's motion made at the close of all the evidence to instruct the jury to return a verdict for the defendant."

An examination of the record discloses at the time of the accident the appellee was a man thirty years of age who had worked as a farm laborer prior to working for the appellant in the same capacity; that during his previous employment he had operated various kinds of farm equipment, but that he had not operated the self-propelled windrower and hay conditioner on which he was injured prior to the date of his injury.

On or about May 1, of 1962, the appellee had asked for employment and was employed by the appellant. Before the

date of the injury the appellee observed the appellant operate the machine in question. On the day of the injury, July 10, 1962, the appellee observed the appellant operate the machine. The machine in question is self-propelled, guided by levers rather than a steering wheel and, in addition, has some thirteen different controls that operate a reel, a cycle bar, conveying canvases and heavy corrugated type rollers into which the freshly mowed hay is conveyed and crushed in order to facilitate the drying of the hay.

The operator of the machine rides in a seat which is above and behind the cutting, conveying and crushing parts of the machine. There was a two-step metal ladder affixed to the side of the machine for the operator to reach the seat.

On the occasion in question, appellant after giving appellee some instruction on the operation of the machine left the appellee in sole operation of the machine in a field consisting of wheat stubble, clover and weeds, which was to be cut and crushed by the machine for the purpose of later bailing the material to be used as feed and bedding.

The field in question was about a half mile in length and the evidence discloses that the appellee had made ten to fifteen round trips prior to the accident. During this period of operation the appellee experienced difficulty with the machine in that the material being mowed would ball up in front of the crimping rollers. In an attempt to dislodge the material the appellee would back the machine and then proceed forward. This method proved less than satisfactory. The appellee testified that the appellant had not told him that the header should be lifted prior to the backing of the machine.

At the time of the injury the clogging was so bad that appellee was unable to clear the machine. He left the engine running on the machine, placed levers in what he thought to be the off position and, in fact, did stop the motion of the reel and cycle bar; however, there was evidence that the lever which controlled the rollers had a peculiarity of which

the appellant had not advised the appellee in that in the moving of the lever there was a "hard spot" which, if not overcome, would leave the rollers in operation, even though the lever had been placed in what the appellee thought was an off position. The rollers were under a shield and could not be seen by the appellee from his seat on the machine.

There was further evidence that the rollers when in motion made very little noise and would not be heard by an operator on the machine with the engine running. With the machine in such a position and with the crimping rollers still in motion under the hood, the appellee left his seat, stepped upon the hood directly behind the reel of the machine and reached down with his left leg and tried to dislodge the ball of hay and straw that had accumulated under and behind the reel. While in this position, the appellee lost his balance and his foot and leg were caught by the turning rollers, thus sustaining severe injury.

From the foregoing it appears that there was sufficient evidence presented to the jury from which it could find that the appellant was, in fact, guilty of negligence in not giving the appellee full and complete instructions in view of the nature of the machine and the hazards involved in its operation.

In reviewing a judgment of the trial court this Court has consistently stated it will consider the evidence most favorable to the appellee, when the sufficiency is challenged.

■ *A.S.C. Corporation v. First National Bank of Elwood* (1960), 241 Ind. 19, 167 N. E. 2d 460.

Appellant also claims that the appellee was guilty of contributory negligence as shown by the evidence and, therefore, the trial court should have sustained his motion for ■ a directed verdict. In support of this proposition he cites the case of *Hunsberger v. Wyman* (1966), 247 Ind. 369, 8 Ind. Dec. 245, 216 N. E. 2d 345. However, in the

*Hunsberger* case the facts were that the two parties, that is the employer and the injured party, had the same knowledge and the same opportunity for knowledge to observe the existing danger; that under those circumstances each had the same duty to exercise reasonable care, including the duty to see and appreciate and avoid the danger. However, in the case at bar the entire theory of the appellee's case was that the appellant had the full knowledge as to the nature of the machine, the manner of its control and operation and the potential dangers therein involved, whereas the appellee had only a very limited knowledge of these facts and was almost wholly dependent upon the appellant for his knowledge. These allegations and testimony by the appellee in this case, together with the defense presented by the appellant, placed the question squarely before the jury as to whether or not the appellee was guilty of contributory negligence. This, therefore, was a question for the jury in this case and it would have been error for the trial court to have directed a verdict on that ground. *Larkins v. Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896; *Robertson Bros. Dept. Store v. Stanley* (1950), 228 Ind. 372, 90 N. E. 2d 809.

There is evidence in this record as above set out from which the jury could find that the actions of the appellee were not negligent, and that he within the limited knowledge he had of the machine and with the limited instruction which had been given him by the appellant, was operating the machine within the best of his ability, and that he did, in fact, exercise ordinary and reasonable care to avoid injury.

The appellant has cited several mechanical corn picker cases, but an examination of each of these cases indicates that the injured party knew and fully understood the operation of the husking rollers and that in each of those instances the operator deliberately chose a known hazardous method to clear the rollers, thereby knowingly running the risk of the injury he sustained. The jury in this case was clearly acting within

its province upon the evidence submitted in finding that the appellee was free of such contributory negligence.

For the above reasons the trial court was also correct in overruling appellant's motion for a directed verdict.

Appellant also urges his ground 4 (a) in his motion for new trial, which reads as follows:

"4. Error of law occurring at the trial:

"(a) The Court erred in overruling defendant's motion that the panel be discharged and submission withdrawn from the consideration of the jury in plaintiff's counsel calling to the witness stand Gale Jones, and asking his business or occupation for the sole reason getting before the jury that the business or occupation of said witness was with the Home Office, Claim Department, American States Insurance Company, which witness was called to the stand by plaintiff's counsel after the Court had sustained defendant's motion for separation of witnesses, which said questions, answers, comments of counsel, motion to instruct the jury to disregard the witness's answer, and defendant's motion that the panel be discharged and the submission withdrawn, are as follows:

"Q. State your name please.

"A. Gale Jones.

"Q. Where do you live?

"A. Indianapolis, Indiana.

"Q. What's your business or occupation?

"Mr. Lewis: To which we object as being immaterial and irrelevant.

"Court: I'll sustain the objection.

"A. I didn't hear you Sir.

"Court: I'll sustain the objection.

"Mr. Mann: If the Court please, I can't make an offer of proof because I don't know what this man's occupation is. This the first time in my legal career I've ever had a Court sustain an objection to a person being asked their occupation.

"Mr. Lewis: I would like to ask—

"Court: Normally it is permissible. It's your responsibility, I'll overrule the objection. He may answer.

"A. Will you state the question again, Sir.

"Q. Will you read the question, please.

"Reporter: What's your business or occupation?

"A. I'm with the home office claim department of *of* the American States Insurance Company.

"Mr. Lewis: Now if the Court please—

"Q. No further questions.

"Mr. Lewis: Just a moment, I wish to strike out the answer and move that the jury be instructed to disregard the answer in that the question was not asked in good faith and at this time we ask the Court to strike it and instruct the jury to disregard it.

"Mr. Mann: It is asked in good faith. I thought he was with Owa—Owatona—

"Mr. Lewis: Oh you didn't either. You went back there and talked to him.

"Mr. Mann: I thought maybe he was an expert.

"Mr. Lewis: I'm going to ask the Court—

"Mr. Mann: I just went back and asked the man what he was doing here and he wouldn't tell me. He said he was just a spectator.

"Mr. Lewis: If the court please we moved for separation of witnesses and had he been a witness he wouldn't have been sitting there.

"Court: The jury is admonished to disregard. This matter has no relevancy in this action and the jury is admonished to disregard the answer of the witness.

"Mr. Lewis: And now at this time, if the court please, the admonition isn't sufficient, in view of counsel's acts in doing it and for that reason we move the court that the panel be discharged in this particular case and the submission withdrawn from consideration of the jury.

"Court: Motion will be overruled. The jury will be admonished that this matter has no relevancy in this cause

and the testimony of this witness has no relevancy to this action.

"Q. Do you know anything about these Owatona mowers?

"A. No, sir.

"Q. That's all."

From an examination of the foregoing, we must presume that the witness in question was unknown by the attorneys for the plaintiff when he was called to the stand and asked his name and occupation. The appellant raises the question that such activity must by necessity be in bad faith, and that it indicates an intention on the part of the attorneys for the appellee to improperly inject the question of insurance into the case in violation of the ruling in *Rust v. Watson* (1966), 141 Ind. App. 59, 8 Ind. Dec. 21, 215 N. E. 2d 42.

There can be no question but what a deliberate attempt on the part of counsel to inject insurance into a case would be reversible error. However, the mere calling of a witness to the stand and asking his name and occupation cannot be considered as such a deliberate attempt. For this to be error there would have to be a showing by proper objection of opposing counsel out of the presence of the jury that the occupation of the witness was, in fact, that of an adjuster for the insurance company and a persistence on the part of counsel to present this fact before the jury in the face of the objection. However, as the record in this case discloses the only objection of appellant's counsel was that the occupation of the witness was immaterial and irrelevant. This is not a good objection standing alone. Certainly as a general proposition the occupation of any witness called by a party to testify would be relevant and material and of legitimate inquiry.

It is further noted that immediately upon receiving the answer as to the witness' occupation no further questions were asked, and the Court properly instructed the jury and

admonished them to disregard the entire matter as having no relevancy to the action. We see no indication in this record that there was any improper conduct on the part of plaintiff's counsel.

We find no authority in Indiana directly in point with regard to the right to question a witness concerning his occupation. However, the question was raised in Kentucky in the case of *Triplett v. Napier* (1955), 286 S. W. 2d 87, (Ky.) in which the Court held that the plaintiff's counsel had a right to ask a witness by whom he was employed and a new trial was not warranted where the witness named an insurance company as his employer. The same question was also raised in Georgia in the case of *Smith v. Goodwin* (1961), 103 Ga. App. 248, 119 S. E. 2d 35. The Court held that where the witness was asked the nature of his employment and answered that he was an insurance adjuster that there was no merit to the defendant's contention that the plaintiff improperly injected the question of public liability insurance into the trial of the case. We are in accord with the reasoning in these cases.

It appears from the record that the conduct of counsel on both sides was entirely proper, that the rulings of the judge in each instance were entirely proper and that the jury having been properly admonished, no reversible error exists in the record with regard to the incident. *Rust v. Watson, supra; Helton v. Mann* (1942), 111 Ind. App. 487, 40 N. E. 2d 395.

Appellant also urges that the Court erred in overruling the following grounds stated in his motion for new trial:

"4. Error of law occuring at the trial.

"(b) The Court erred in overruling defendant's motion at the close of plaintiff's evidence to withdraw the following issues from the submission to the jury, to-wit:

"(1) All of subparagraph (a) of rhetorical paragraph 5 of the amended complaint, as follows:

'Defendant provided plaintiff with a dangerous piece of machinery without providing him with operating instructions for the safe operation thereof.'

"(2) All of subparagraph (b) of rhetorical paragraph 5 of the amended complaint, as follows:

'Defendant failed to warn plaintiff of the hazards of operating the windrower, such dangers being known to defendant and being unknown to plaintiff.'

"(3) All of subparagraph (d) of rhetorical paragraph 5 of the amended complaint as follows:

'Defendant failed to remove the Hay Conditioner, knowing or having reason to know that such attachment was hazardous to the user under the conditions for which said machine and attachment were then and there being used.'"

The above motion having been made at the close of appellee's evidence was waived when the appellant proceeded to offer evidence in his own behalf on each specification of negligence after his motion was overruled. *Indiana Insurance Co. v. Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003; *Reserve Life Insurance Co. v. Luedke* (1961), 132 Ind. App. 476, 177 N. E. 2d 482; *Trent v. Rodgers* (1952), 123 Ind. App. 139, 104 N. E. 2d 759. However, an examination of each of the allegations which the appellant sought to have withdrawn from the submission of the jury discloses that there was some evidence on each of these allegations and that the trial court was correct in his decision to overrule the motion.

The appellant also repeated the same motion at the close of his evidence; the overruling of which he assigns as error as cause 4 (d) of his motion for new trial, which motion was correctly overruled by the trial court for the foregoing reason.

The appellant claims error in the overruling of this specification number 4 (c) of his motion for new trial which reads as follows:

"(c) The court erred in sustaining the objection of plaintiff to the questions hereinafter set forth propounded by the defendant during the direct examination of Blaine Randolph, a witness called on behalf of defendant, and in overruling plaintiff's offer to prove and exclude the answer of such witness, which questions, offer to prove, objection and ruling of the Court are in the following words:

"Q. Well, let me ask you this, it has been indicated that this is a hazardous machine that was out on the farm, is it any more hazardous than any other farm equipment or machine that's used on a farm?

"MR. MANN: To which the plaintiff objects. That's an invasion of the province of the jury. It is strictly up to them to determine whether or not this is a dangerous piece of machinery or not.

"COURT: I'll sustain the objection.

"Q. Well, you may state whether or not in your opinion this is a hazardous machine to operate, in your opinion?

"MR. MANN: That's the same question, we object to it for the same reason.

"COURT: Sustained.

"MR. LEWIS MAKES OFFER TO PROVE.

"At this time the defendant offers to prove in that this witness if permitted to answer this question he will testify that this machine is not a hazardous machine for men to operate and is not any more hazardous or dangerous than any other farming equipment."

The questions as above set out clearly indicate an invasion of the province of the jury and the trial court was correct in sustaining the objection. *Days Transfer v. Silvers* (1952), 122 Ind. App. 318, 104 N. E. 2d 392.

In his specification for new trial 4 (e) the appellant claims error in the Court's refusing to give to the jury each of his requested written instructions numbered 4, 7, 13, 17, 19, 21, 23, 25, 28, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44 and 46. However, in his brief the appellant discusses only his tendered instructions numbered 19, 21, 23, 25, 35, and 40, thus waiving the assigned errors as to the other instructions.

Appellant's tendered instruction 19 is an instruction as to the fixing of responsibility for the accident in question as established by the evidence. An examination of the defendant's tendered instruction number 18 which was given by the Court was essentially the same instruction. There was no error in refusing to give appellant's instruction 19.

Defendant's tendered instruction number 21 advises the jury that where they find a witness to have testified falsely they are at liberty to disregard all of his testimony. Appellee's instruction number 8 which was given by the Court together with the Court's preliminary instruction number 11 and the Court's final instruction number 12 fully and completely instruct the jury as to the examination of the testimony of witnesses as to who they will believe and who they will disbelieve. The Court did not, therefore, commit error in refusing to give appellant's tendered instruction number 21.

Defendant's tendered instruction number 23 instructs the jury that the appellee is charged with the duty to exercise reasonable and ordinary care for his own safety and is obligated to avoid danger or dangerous situations. Defendant's instruction number 40 was a similar instruction.

The Court's final instructions 6 and 7 instructed the jury as to contributory negligence.

The defendant's instructions 12, 15, 45 and 48 all given by the Court further instructed the jury on the subject of contributory negligence and the duty of the appellee to exercise reasonable and ordinary care to avoid injury. The trial court was, therefore, correct in refusing to give appellant's tendered instructions 23 and 40. It was not reversible error to refuse to give the above tendered instructions, the subject matter of which was covered by instructions which were given. *Rust v. Watson, supra.*

Appellant's tendered instruction 25 instructs the jury that where a person has two courses of conduct open that he is

required to follow that course which an ordinarily prudent person would follow rather than a more dangerous course.

Appellant's tendered instruction number 35 instructs the jury that the rule of law that a person placed in a sudden emergency is only required to exercise reasonable prudent care under the circumstances does not apply to a person who has himself created the emergency by his negligent conduct. Both of these instructions are abstract statements of law which the trial court was not obligated to give as such. *C.&E.I. R. Co. v. Alexander* (1955), 126 Ind. App. 75, 125 N. E. 2d 171.

In addition it will be observed that the sudden emergency doctrine attempted to be injected by these instructions did not in reality exist in the case in that under the evidence most favorable to the appellee the appellee was proceeding in what would be a routine manner up to the moment of injury, and any emergency which arose, arose after the injury. There was, therefore, no element of the appellee being forced into a choice of action growing out of a known emergency. The trial court was, therefore, correct in refusing to give appellant's instructions numbered 25 and 35.

Appellant also maintains that the Court erred in giving each of plaintiff's instructions numbered 2, 7, 10, 13, 16, 19 and 25. However, he discusses in his brief only instructions 2, 13, 16 and 19, thereby waiving any error as to the other numbered instructions.

Plaintiff's instruction number 2 is as follows:

"The material allegations of the plaintiff's complaint are those which charge that defendant's negligence was the proximate cause of the injury to Lloyd York, and the allegation that he was damaged by such injury.

"When it is said that the plaintiff must prove his complaint by a preponderance of the evidence it is meant that he must prove by a preponderance of the evidence that some injury alleged in his complaint was proximately caused by

at least one act of negligence by the defendant which is charged as such in his complaint, and that he has suffered damage thereby as charged in the complaint. It is not necessary that he prove all of the allegations of negligence, if one act of negligence, alleged as such in the complaint, is proved by a preponderance of the evidence."

To the giving of this instruction the appellant objected that the instruction was erroneous in that it did not include all of the material allegations of plaintiff's amended complaint. It is true that if an instruction is mandatory and assumes to set out all of the elements essential to a recovery that an omission of an essential element would render the instruction erroneous. *Taylor v. Fitzpatrick* (1956), 235 Ind. 238, 132 N. E. 2d 919. However, appellee's instruction number 2 was not mandatory in nature and therefore must be considered with all of the other instructions given to the jury. *Tait v. State* (1963), 244 Ind. 35, 1 Ind. Dec. 158, 188 N. E. 2d 537. We hold, therefore, that the Court was not in error in giving appellee's instruction number 2.

Appellant claims the Court erred in giving appellee's instruction number 13, which instruction reads as follows:

"If you find from a preponderance of the evidence the sole proximate cause of plaintiff's injury was negligence on the part of defendant in failing to remove the hay conditioner attachment under the conditions for which the machine and attachment were being used and that this defendant knew or had reason to know that such attachment was hazardous to the user, under such conditions, then your verdict should be for the plaintiff providing he has proved that some damage alleged in his complaint was proximately caused by such negligence."

The appellant's objection to this instruction is that it does not follow the evidence. There is no question that the giving of an instruction, if there is no evidence on the issue, is reversible error. *Hayes Freight Lines v. Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580. An examination of the evidence discloses that the material being cut by the

machine was a combination of wheat stubble, clover and weeds and that difficulty was being experienced in getting it through the machine without bunching up in front of the rollers. This presented evidence from which the jury might have found that prudent operation in the interest of safety would dictate the removal of the rollers.

Appellant's tendered instruction number 4, which was given by the Court, specifically set out the allegations of negligence, including the allegation set out in appellee's instruction number 13 which instructed the jury that it was necessary for them to find by a fair preponderance of the evidence that at least one of the acts of negligence must be found to be a proximate cause of the plaintiff's alleged injuries. The Court has held that a party cannot complain of error in an instruction when he has tendered an instruction containing the same or similar terminology. *McCague v. N.Y.C. & St. L. R. Co.* (1947), 225 Ind. 83, 71 N. E. 2d 569.

Appellant alleges the Court erred in giving appellee's instruction number 16, which instruction reads as follows:

> "If you find from a preponderance of the evidence that the sole proximate cause of plaintiff's injury was negligence on the part of defendant in failing to warn plaintiff of the hazards of operating the windrower which were known to defendant and unknown to plaintiff, then your verdict should be for the plaintiff providing he has proved that some damage alleged in the complaint was proximately caused by such negligence."

Appellant objected on the ground the instruction eliminates any knowledge on the part of appellee relative to the operation of the machine and is therefore in conflict with appellant's instruction 37 given by the Court. This instruction fairly sets out elements necessary to establish such act of negligence and the responsibility of the appellant resulting therefrom. It does not presume the existence of hazards or the knowledge of them by either party but merely instructs as to the result the jury might reach if they found the existence of facts by a preponderance of evidence.

Appellant also alleges that it was error to give appellee's instruction number 16 because appellant's instruction number 37 is in conflict therewith. Appellant's instruction number 37 reads as follows:

"You are instructed that if you find from a preponderance of the evidence, that in operating the self-propelled windrower and hay conditioner, the danger, if any, was open and visible to plaintiff, and within his knowledge and appreciation when exercising his faculties with due care and caution, then you are instructed that the defendant herein was not required to give either warning or instruction."

In comparing these two instructions we find no conflict except, of course, the basic conclusions drawn by each of the submitting parties that the verdict should be in their favor, if the jury finds the facts to be proven or not proven as the case may be. We hold, therefore, that the instructions are not conflicting and would not tend to confuse the jury.

The appellant alleges the Court committed error in giving appellee's instruction number 19, which instruction reads as follows:

"If you find from a preponderance of the evidence that the sole proximate cause of plaintiff's injury was negligence on the part of defendant, Ared Lamb, in failing to give Lloyd York operating instructions for the safe operation of a dangerous machine, your verdict should be for the plaintiff providing he has proved that some damage alleged in the complaint was proximately caused by such negligence."

Appellant objected to this instruction for the reason that it imposes a greater duty upon appellant than required by law. In addition, appellant objects to the language, "dangerous machine," in the instruction and alleges that the Court is, in fact, instructing the jury that the machine was a dangerous machine. We do not read the instruction in such a light. From the language of the instruction it should be apparent that

one of the essential facts which the jury is instructed it should find before rendering a verdict for the appellee is that the machine was, in fact, a dangerous machine and that the injury to appellee was solely and proximately caused by appellant's failure to give proper instructions. We see no error in giving this instruction.

The trial court is therefore affirmed.

DeBruler, C. J., Arterburn and Hunter, JJ., concur; Jackson, J., dissents without opinion.

NOTE.—Reported in 247 N. E. 2d 197.