CERRA *v.* MCCLANAHAN.

[No. 20,696. Filed September 26, 1967. No petition for rehearing filed.]

*Frederick H. Link, Roland Obenchain, Jr.,* and *Jones, Obenchain, Johnson, Ford & Pankow,* all of South Bend, for appellant.

*David L. Matthews* and *Robert D. Lee,* both of South Bend, for appellee.

FAULCONER, J.—Appellee sued appellant for damages for personal injuries allegedly received when appellant's automobile and appellee's automobile collided at an intersection in South Bend, Indiana. The cause was tried by the court, without a jury, after which the court found for the plaintiff (appellee) and against the defendant (appellant) in the sum of $3,000 damages. Judgment was entered accordingly. The overruling of appellant's motion for new trial is the sole error assigned on appeal.

Appellant argues only the following specifications of his motion for new trial, therefore all others are waived.

3. The damages assessed are excessive.

4(a). The court erred in admitting mortality tables into evidence over defendant's objection.

4(b). The court erred in admitting into evidence an answer over defendant's objection.

Appellant apparently bases his challenge that the damages are excessive on two premises, 1) that there is no evidence of loss of wages as charged in rhetorical paragraph 5 of plaintiff's complaint, that there is no evidence of medical expenses or future pain and suffering as charged in rhetorical paragraph 4 of plaintiff's complaint, and that there is no evidence that plaintiff sustained a physical injury as a result of the collision; and 2) that testimony of Dr. Stanton concerning the above damages was a quote of appellee's statement to him regarding them and, therefore, insufficient evidence of such alleged damages.

It is true that the history testified to by a doctor cannot be accepted as probative evidence to establish proof of facts set out in such history. *City of Anderson* v. *Borton* (1962), 132 Ind. App. 684, 693-94, 178 N. E. 2d 904.

We are unable to determine, however, from the general finding of the court, upon what the trial judge based the

$3,000 assessment of damages which he awarded plaintiff-appellee. If the evidence or reasonable inferences therefrom will support the judgment it will be affirmed on appeal.

Appellee alleges in rhetorical paragraph 4 of his complaint, *inter alia*, that "as a result of the carelessness and negligence . . . plaintiff was thrown . . . was bruised, hurt and injured, both temporarily and permanently, in the following manner, to-wit: bruises to the chest and ribs; that plaintiff has suffered, . . . severe physical and mental pain . . . as a result of said injuries."

Appellee testified that he received "chest injuries to the ribs and lower part of my [his] left side of my [his] chest" as a result of the collision. That such injuries caused him so much pain that he "couldn't hardly breathe." That he was examined in the hospital, given pain pills and sent home. That he was examined again the next day in the hospital and had a "throbbing" pain at that time. That he was examined by a physician the following Tuesday and the pain was still there.

Appellee further testified that he returned to his job and experienced this throbbing pain in his side which began after a few hours of work and "last all the rest of the day into the night," and until he goes to sleep at night. That his complaint was the same on each examination up to the last one the Saturday before the trial began. That the pain affects his work and has also affected his mental comfort. That he can no longer bowl or skin dive because of the pain and it has interfered with his social life.

We are of the opinion that the above evidence is of sufficient probative value to sustain a judgment based upon the above quoted allegations. Therefore, under the general finding of the court we need not consider if the evidence supports the finding based upon other allegations of appellee's complaint. Also, we need not consider testimony of Dr. Stanton to support the allegations above set forth.

Finally, under the excessive damage charge we are of the opinion the evidence amply refutes this argument under the general rules so often advanced by this court when reviewing an assessment of damages on appeal.

Appellant next argues that it was error to admit mortality tables over his objection. He states that unless compensation can be awarded for permanent injury or death, such evidence is not admissible. He further states that "Dr. Stanton testified that he found a permanent partial impairment of the man as a whole. He was not asked and he did not testify that such impairment was the direct and proximate result of any bodily injury sustained by plaintiff on November 13, 1959. In the absence of such evidence there was no evidence of permanent injury." This was also the reason given in the objection at the trial.

Of course, each element of plaintiff's cause of action must be proven by plaintiff. However, there is no requirement that each must be proven by only one witness, by direct evidence, or by testimony alone. On appeal if each element of plaintiff's cause of action is supported by substantial evidence of probative value or by reasonable inferences therefrom this court must affirm the judgment of the trial court. We are of the opinion that reviewing the evidence as a whole such evidence and the legitimate inferences therefrom support the action of the trial court in admitting the mortality tables over the objection made by appellant.

Lastly, appellant argues specification 4(b) of his motion for new trial, which reads as follows:

"The court erred in overruling the objection of the defendant to the plaintiff's question propounded by the plaintiff during the redirect examination of Henry A. Staunton, a witness called on behalf of the plaintiff and in admitting the answer thereto in evidence, which question, answer and the ruling of the court thereon are in the following words:

" 'Q. Doctor, will you give me your opinion as to what if any effect this trauma and the following injury and pain and so on following it, that the Plaintiff

told you of, would have upon a patient such as this who had this hereditary cardiac disease of which you spoke?

" 'A. It could have an indirect—

" 'Q. Will you explain what you mean by that?

" 'MR. LINK: Your Honor please, we will object to the doctor's answer because it uses the word "could." Again, this connotes possibility and not probability.

" 'THE COURT: The answer will stand, and you may continue with your answer, Doctor.

" 'A. It could have an effect in that it might as a result of pain produced in the Plaintiff cause him to limit his activities which might be beneficial to his well being, to stave off the early onset of cardiac disease. It is well known that healthful exercise such as this man can no longer engage in may have an effect beneficial or salutary effect on the general circulatory system, causing such a person not to have an early onset of arteriosclerotic heart disease.

" 'MR. LINK: I move to strike the entire answer based upon speculation used in the words "might," "could," and so forth.

" 'THE COURT: The answer will stand.' "

Again, we are unable to say under the general finding if the trial court considered this evidence in fixing the amount of damages. As we stated earlier in this opinion, the evidence produced and the reasonable inferences therefrom support the judgment of the trial court under the allegations we hereinabove quoted from appellee's complaint.

This court in *Korschot, etc.* v. *Leevy, Admrx.* (1963), 135 Ind. App. 411, at page 427, 178 N. E. 2d 750, at page 758, quoting from *Matthews* v. *Adoniram Grand Lodge, etc.* (1959), 129 Ind. App. 395, 410, 154 N. E. 2d 806, stated:

" 'The action of the trial court must be presumed to be correct, and this presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to consideration of a cause on appeal, and this presumption is particularly applicable

in determining questions which affect the weight or sufficiency of the evidence. . . .' "

In addition, the admission of such evidence in our opinion was not error as the objection would go only to the weight of the evidence and not its admissibility.

Finding no reversible error the judgment should be affirmed.

Judgment affirmed.

Carson, P.J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 737.