JAMES HERMAN *v.* JAMES FERRELL.

[No. 869A143. Filed December 27, 1971. Rehearing denied February 10, 1972.]

Patrick J. Dougherty, Jon Schmoll, Spangler, Jennings, Spangler, & Dougherty, of Gary, for appellant.

Albert C. Hand, of Hammond, William H. James, of Dyer, for appellees.

STATON, J.—This is an appeal from a jury verdict of Fourteen Thousand Dollars ($14,000.00) in favor of the appellee-plaintiff. His complaint alleged the negligent operation of appellant-defendant's automobile when it struck indirectly appellee-plaintiff's automobile in the rear at an intersection in Lake County, Indiana.

James Ferrell was driving north on U. S. Highway 41 in his 1962 Oldsmobile on November 15, 1964. He stopped at the intersection of U. S. Highway 41 and Airport Road in Lake County, Indiana to make a left turn. Lucy Roy was driving a 1963 Chevrolet immediately behind him. Behind Lucy Roy was James Herman driving a 1964 Ford. Herman's automobile struck Roy's automobile in the rear which in turn struck Ferrell's automobile in the rear. Ferrell filed suit against both Roy and Herman for personal injuries and property damages totaling $50,392.47 plus costs. A directed verdict was rendered in favor of Lucy Roy. The jury rendered a verdict against defendant Herman for $14,000.00 and he appeals, setting forth the following four (4) errors:

ERROR ONE (1): The trial court committed error by admitting medical testimony based upon possibility rather than probability which will not support a verdict.

We cannot agree with this contention of error.

Approximately twenty (20) objections were made by Herman to testimony which he believed to be speculative.

Three examples of such questions, answers and objections are as follows:

"Mr. Hand: State whether you have an opinion based on reasonable medical certainty as to whether or not the

injury that Ferrell received in November of 1964 did or could have resulted in his disability to continue in his regular occupation of climbing in high places such as tree trimming and cutting and construction work.

Mr. Dougherty: We would object in addition to being conjecture and speculation, it is a double question.

The Court: Over-ruled.

A. Yes.

Mr. Hand: And would the possibility of this weakened condition subject this area to further damage by unusual movements such as climbing or heavy lifting?

Mr. Dougherty: Your Honor, we are going to object to this on the same grounds because of the hypothetical situation in question, there is no evidence in the record that there is any damage mentioned, it is based on speculation, beyond the issues, and of no probative value.

The Court: Over-ruled.

A. Yes, it would.

Mr. Hand: And the fact that he worked or had to work subsequent to this time of the injury in 1964, and that he may have been required to do lifting, would that be consistent if further damage would have been caused as a result of a weakened condition?

Mr. Dougherty: Your Honor, we will have to renew our objection for the reason that this is based purely on speculation and conjecture, of no probative value, beyond the issues enjoined by the plaintiff's complaint and the answer, irrelevant, immaterial and beyond the scope of cross examination.

The Court: Over-ruled.

A. Yes, sir, it could be."

Defendant Herman relies heavily upon *Beaman* v. *Hedrick* (1970), 146 Ind. App. 404, 255 N. E. 2d 828, 20 Ind. Dec. 469, to support this contention. *Beaman, supra,* was a paternity suit tried without a jury. In a decision written by Judge Sullivan, this court stressed:

"The crucial question in this appeal is whether the evidence tending to show that appellant is the father is sufficient or adequate to induce conviction upon that ultimate issue in the mind of reasonable persons in the light of the maximum period of gestation as shown by that same evi-

dence. The evidence concerning the length of the gestation period is therefore all important." *Beaman, supra,* 20 Ind. Dec. at 472.

The medical question in *Beaman, supra,* was whether "* * * a gestation period of 202 days could produce a seven pound child, 19½ inches in length." The court asked the following questions of the doctor:

"BY THE COURT: All right, now one last question. Considering this particular baby, its weight was seven pounds, its length was nineteen and a half inches, its appearance, which you apparently examined very carefully, considering its condition when it was delivered, in your general opinion, could it have been possible for this baby to have been a baby of a 212 (sic) day pregnancy?

BY THE WITNESS: Two, twelve?

BY THE COURT: Right. Conceived November 16th, (sic) born June 16th.

BY THE WITNESS: Well, it would be unusual. I'll put it that way, if it were.

BY THE COURT: Would it be impossible?

BY THE WITNESS: It would not be impossible.

BY THE COURT: That is all the questions I have. Do you gentlemen have any further question?"

The following exchange by the appellant's counsel, the witness and the court is as follows:

"Q. You say it would not be impossible, would it be probable?

A. Not probable.

BY THE COURT: I just asked him and he said not probable, but not impossible."

*Beaman, supra,* 20 Ind. Dec. at 474.

This court did not declare the above medical testimony inadmissible but did observe that "The trial court's determination here is supported only by certain inferences which we believe to be unreasonable." *Beaman, supra,* 20 Ind. Dec. at 473. The expert medical testimony considered with other unreasonable inferences could not support the judgment and

therefore *Beaman, supra,* was reversed. In the instant cause, there is an abundance of direct evidence and strong reasonable inferences which support the determination made by the jury. Defendant Herman's contention is that such expert medical testimony is not admissible irregardless of any supporting evidence.

The degree of speculation was much greater in *Beaman, supra,* than in the present case. Here we have the expert medical testimony being offered to establish the causal relationship between a known physical injury resulting from a known accident with a particular disability. In *Beaman, supra,* a known physical act of sexual intercourse was being related to an unknown physical condition, a very unusual premature birth of a child.

In *Cerra* v. *McClanahan* (1967), 141 Ind. App. 469, 472, 229 N. E. 2d 737, the appellant urged that error had been committed when the court overruled his objection to the following:

" 'Q. Doctor, will you give me your opinion as to what if any effect this trauma and the following injury and pain and so on following it, that the Plaintiff told you of, would have upon a patient such as this who had this hereditary cardiac disease of which you spoke?

" 'A. It could have an indirect —

" 'Q. Will you explain what you mean by that?

" 'MR. LINK:' Your Honor please, we will object to the doctor's answer because it used the word "could". Again, this connotes possibility and not probability.

" 'THE COURT': The answer will stand, and you may continue with your answer, Doctor.

" 'A. It could have an effect in that it might as a result of pain produced in the Plaintiff cause him to limit his activities which might be beneficial to his well being, to stave off the early onset of cardiac disease. It is well known that healthful exercise such as this man can no longer engage in may have an effect beneficial or salutary effect on the general circulatory system, causing such a person not to have an early onset of arteriosclerotic heart disease.

" 'MR. LINK: I move to strike the entire answer based upon speculation used in the words "might," "could," and so forth.

" 'THE COURT: The answer will stand.' "

After discussing the presumption in favor of the correct action of the trial court as to the weight or sufficiency of the evidence, this Court in *Cerra, supra,* 141 Ind. App. at 474, concluded:

"In addition, the admission of such evidence in our opinion was not error as the objection would go only to the weight of the evidence and not its admissibility."

In *Beaman, supra,* we did not hold that such testimony was inadmissible but such testimony standing alone without other reasonable inferences to support it cannot support a judgment. In the present case there was ample supporting evidence as well as many reasonable inferences.

In *Magazine* v. *Shull* (1945), 116 Ind. App. 79, 87, 60 N. E. 2d 611, this court stated in an opinion written by Judge Crumpacker that:

"In this state, however, it is settled law that the opinions of medical experts using words such as 'might', 'could', 'likely', 'possible', 'may have', etc., in testifying concerning the causal connection between accident and disability, if coupled with other credible evidence of a nonmedical character, is substantial evidence and sufficient to sustain an award."

*Beaman, supra,* and *Cerra, supra,* would come within that class of cases referred to in 31 Am. Jur. 2d, Medical Testimony as to cause of disease, personal injury, or death, § 185, p. 754:

"There are a number of cases which, while apparently admitting that medical evidence showing only a possibility of a causal relation between an accident or injury and subsequent death or physical or mental impairment is not, by itself, sufficient to establish such relation, uphold the view that such evidence, in conjunction with other

evidence nonexpert in nature, indicating that such a relation exists, although likewise not sufficient by itself to establish the relation, or in conjunction with admitted or obvious facts and circumstances of the case showing that death or physical disability would naturally and probably result from the injury, is sufficient to establish the causal relation."

Therefore, speculative expert medical testimony to show the causal connection between an injury and a disability is admissible as evidence. Such speculative testimony standing alone will not support a judgment. There must be additional supporting non-medical evidence or reasonable inferences from such evidence so that a judgment can survive appellate scrutiny.

*ERROR TWO* (2): The interjection of the fact that James Herman carried insurance was prejudicial to James Herman and constitutes reversible error.

We do not agree that this was reversible error.

The interjection of insurance complained of occurred during the interrogation of Alton Curry, one of plaintiff-Ferrell's witnesses, on re-direct examination. The question and answer exchange was as follows:

"Q. Now, I believe you testified on cross examination that you never saw Mr. Dougherty before today, is that correct?
A. Yes sir.
Q. Do you have knowledge of how he got the background information about where you worked?
A. I imagine he looked it up.
Q. Did Mr. Herman or any of his representatives ever talk to you?
A. No sir.
Q. When was the first time you saw Mr. Hand and I?
A. Excuse me, I made a mistake. Someone from Mr. Herman did talk to me and it was an insurance adjustor, but I think his name was White.
Mr. Dougherty: Your Honor, I am going to move at this time that this testimony which is volunteered, which is

prejudicial to the defendant Herman here, that this answer be stricken, that the jury be admonished to disregard this. The Court: Overruled.

Mr. Dougherty: I'm further going to move to withdraw the summation of this cause because of the prejudicial nature of this testimony that was deliberately drawn out in the questioning by the plaintiff in this cause."

"There can be no question but what a deliberate attempt on the part of counsel to inject insurance into a case would be reversible error." *Lamb* v. *York* (1969), 252 Ind. 252, 17 Ind. Dec. 430, 437, 247 N. E. 2d 197. It is apparent from the record that this interjection of insurance was not deliberate nor was it made in bad faith.

Not all interjections of insurance are reversible error. A question regarding a juror's relationship with a specific insurance company on *voir dire* examination when made in good faith is not error. *Rust* v. *Watson* (1966), 141 Ind. App. 59, 215 N. E. 2d 42. Insurance may be interjected in good faith by asking a witness his occupation. *Lamb* v. *York, supra.* Insurance may be interjected on cross-examination when relevant to the issues. *Pickett* v. *Kolb* (1968), 250 Ind. 449, 237 N. E. 2d 105.

It is within the trial court's discretion to withdraw the submission of a cause from the jury where insurance has been interjected. If the trial court does not admonish the jury regarding the interjection of insurance during the trial and the admonishment is deemed necessary by one of the parties, an instruction should be tendered. We note from the record that defendant Herman offered none.

We agree with the trial court's ruling that there was not a deliberate attempt to interject insurance nor is there any showing of bad faith.

*ERROR THREE* (3): "The Court erred in overruling the objection of defendant, James J. Herman, to plaintiff's Exhibit No. 13, which said exhibit was a self-serving affidavit of the plaintiff, and in admitting said exhibit into evidence over said objection, which said objection and the

Court's ruling thereon are in the following words and figures, to-wit:

Mr. Hand: At this time (after Defendant Herman rested) the plaintiff offers Exhibits 11 and 13 into evidence to be shown to the jury along with ...

Mr. St. Martin: Just offer them in evidence first, we'll object to any further statements.

Mr. Hand: The plaintiff offered in evidence, along with plaintiff's Exhibit 12, to be exhibited to the jury.

Mr. Dougherty: Your Honor, the defendant, Herman will object to Exhibit 11 on the same ground, that it is repetitious to Defendant Herman's Exhibit F and plaintiff's Exhibit 12, for the further reason that this is not proper rebuttal evidence, that this plaintiff's exhibit was excluded from evidence in plaintiff's case in chief and that there has been nothing shown in the defendant's case relating to the subject matter of this particular exhibit; for the further reason that we are again into an area of speculation and conjecture by nature of the plaintiff's business which was not an individual business, but one with invested capital, and I think that ...

The Court: Just the objection, don't get into what you think.

Mr. Dougherty: The same objection to 13, Your Honor.
The Court: Objection sustained as to 11, overruled as to 13, request to view is granted as to 13 and the objection is sustained to the view of 12, but not as to 13, because it's already been around."

The Supplemental Affidavit is Plaintiff's Exhibit 13 which was filed in court on the first day of trial. The original affidavit was in response to the Motion to Produce, filed on September 13, 1968, which was approximately four months before trial. The "Supplemental Affidavit" or "Plaintiff's Exhibit 13" which is complained of here, omitting the caption, signatures and jurat is in the following words and figures:

"Comes now James C. Ferrell and being first duly sworn on his oath, deposes and says:

1. That in response to the order of the Starke Circuit Court, Cause Number 67-219, the plaintiff heretofore filed his affidavit regarding income and earnings for the years

1963, 1964 and 1965 and tax information for the years 1966 and 1967.

2. That as additional information regarding his income and earnings, the plaintiff did also state that certain earnings of the partnership which he was engaged with one Calvin Taylor during the said period were reinvested in the business and were not taken out of the business as income.

3. That upon the dissolution of the partnership on March 10, 1965, the plaintiff received the following assets which were the result of the reinvestment of the said earnings, to-wit: One 1960 Ford pick up truck; House and lot located at 1435 Sunnybrook Avenue, Dyer, Indiana; and nursery equipment and stock.

4. That the total value placed in the said assets was in an amount of $22,000.00.

5. That mortgages and other indebtedness reduced the value to $14,500.00.

Further your Affiant Saith Not."

For the first time on appeal defendant Herman has objected to Plaintiff's Exhibit 13 for the reason that he did not have an opportunity to cross-examine the "Supplemental Affidavit." The only authority in his brief which reflects in any way upon his contention is *Haskell Plumbing and Heating Co.* v. *Weeks* (9th Cir. 1956), 237 F. 2d 263. In *Haskell Plumbing and Heating Co., supra,* the District Trial Judge had heard two plaintiffs testify as to the cause of injury and the amount of damages. Other plaintiffs were permitted to have their answers to interrogatories, which had been propounded to them by the defendant made a part of the record. The Court of Appeals reversed for further proceedings only and did not order a new trial or trial *de novo. The defendant did not have an opportunity to cross-examine the self serving answers.*

In the present case, Ferrell and his wife had executed an "Authorization and Request" which reads as follows:

## "AUTHORIZATION AND REQUEST

The undersigned, JAMES C. FERRELL and PHYLLIS FERRELL, husband and wife, individually and jointly,

herewith authorize and request the Internal Revenue Service pursuant to Regulation No. 301.6103 (A)-1 (C) (4), to provide copies of Federal Income Tax Returns of the said James C. Ferrell for the taxable years 1963 payable in 1964, 1964 payable in 1965, 1965 payable in 1966, 1966 payable in 1967, and 1967 payable in 1968, to Patrick J. Dougherty, attorney, 31 East 5th Avenue, Gary, Indiana.

The said James C. Ferrell and Phyllis Ferrell resided at: 1435 Sunnybrook, Dyer, Indiana and 1202-213th Street, Dyer, Indiana.

Said Federal Income Tax Returns being required by reason of Order of Court in Cause No. 67-219, Starke Circuit Court, Knox, Indiana."

Defendant Herman had ample time to examine plaintiff Ferrell's income during the years in question which relate to damages. The "Supplemental Affidavit" was filed on the first day of trial. Plaintiff Ferrell took the witness stand and was available for cross-examination. If the "Supplemental Affidavit" and the information contained in it changed the income picture of plaintiff Ferrell in any material way, defendant Herman was not aware of it on the first day of trial, during the trial or at the time he made his objection. His objection made to "Plaintiff's Exhibit 13" is the same as that made to "Plaintiff's Exhibit 12." No mention is made of an opportunity for the cross-examination of plaintiff Ferrell nor is there any other suggestion of harm from the admission of the "Supplemental Affidavit." We find no merit in this contention of error.

> ERROR FOUR (4): Defendant Herman states as his fourth error that damages awarded by the jury were excessive. The reasons stated by defendant Herman for this excessive award are two:
>
> "1. Constantly repeated medical testimony regarding possible results of the accident in question.
> 2. Testimony that James Herman was covered by insurance."

Both of the reasons stated above have been discussed at considerable length in this opinion. We have held that the

medical testimony was admissible and that coupled with other supporting evidence and reasonable inferences it does support the verdict rendered by the jury. The interjection of insurance was not deliberate and was not made in bad faith. Therefore, both of the reasons stated above have been dealt with fully in this opinion and we cannot justify any further discussion. We find no error.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C. J., concurs; Sharp and White, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 858.