**Debra GARDNER and Gregory Gardner, Appellants (Plaintiffs),**

v.

**LAKE ELIZA RESORT and Steve Barrett, Appellees (Defendants.)**

**No. 3–677 A 144.**

Court of Appeals of Indiana, Third District.

May 29, 1979.

Rehearing Denied July 9, 1979.

---

4. *Village of Euclid, Ohio v. Ambler Realty Co.* (1926) 272 U.S. 365, 387, 47 S.Ct. 114, 71 L.Ed. 303.

R. Cordell Funk, Hammond, for appellants.

Frank Galvin, Hammond, Winfield Houran, Clifford, Houran, Hiller & Sullivan, John E. Hughes, Hoeppner, Wagner & Evans, Valparaiso, Theodore Fitzgerald, Petry & Fitzgerald, Hebron, for appellees.

STATON, Judge.

Debra Gardner and Gregory Gardner[1] brought an action for personal injuries against Lake Eliza Resort and Steve Barrett. After trial, the jury returned a verdict for the defendants. On appeal, the Gardners raise several errors for our review.

We reverse, due to error in the admission of evidence that defendant Lake Eliza carried no applicable liability insurance.

The Gardners brought their action for negligence per se based upon the theory that Lake Eliza had violated the Indiana statute[2] prohibiting the sale of alcoholic beverages to a minor. *Brattain v. Herron* (1974), 159 Ind.App. 663, 309 N.E.2d 150. In order to recover, the Gardners were required to prove: (1) that Lake Eliza sold alcoholic beverages to Gregory Gardner, a minor; and (2) that the consumption of the

---

1. Although we do not decide the issue, it appears to this Court that Gregory Gardner may be barred from recovery against Lake Eliza. The facts alleged by the Gardners at trial show that Gregory Gardner purchased intoxicating beverages from Lake Eliza Resort and furnished them to Steve Barrett, the driver of the automobile that crashed into a telephone pole, with injuries resulting to the Gardners.

In Indiana, the question of whether Gregory Gardner can recover from Lake Eliza under such facts has not been decided [Indiana's appellate courts have published only two opinions dealing with recovery in so-called "dramshop" cases. The cases are: *Brattain v. Herron* (1974), 159 Ind.App. 663, 309 N.E.2d 150; and *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d

847]. However, many other state courts have held that one who actively procures or encourages the intoxication of another cannot recover against the supplier of the liquor for injuries resulting from that intoxication. *See* Annot., 26 A.L.R.3d 1112 (1969). Some courts have even barred recovery by someone such as Debra Gardner, who apparently joined in drinking intoxicating liquors with Steve Barrett and was later injured in the car accident. *Id.*

These questions will become relevant at retrial.

2. At the time of the accident, the statute was IC 1971, 7–1–1–32(10), Ind.Ann.Stat. § 12–610 (Burns Code Ed.). The statute was repealed and replaced in 1973 by IC 1971, 7.1–5–7–8 (Burns Supp., 1978).

alcoholic beverages was a proximate cause of the accident in which the Gardners were injured.

 When presenting the defense, Lake Eliza's attorney, Winfield Houran, questioned Tom Fitzgerald, the operator of Lake Eliza, regarding instructions that Fitzgerald allegedly gave Lake Eliza's employees. During the course of the questioning, Lake Eliza's attorney elicited the fact that Lake Eliza carried no liability insurance to cover a judgment in the case. The Gardners' attorney, R. Cordell Funk, twice objected and moved for a mistrial. The trial court overruled the objections and allowed the evidence. The record shows the complete exchange as follows:

"MR. HOURAN: Q What are your instructions, Mr. Fitzgerald, relative to minors and the sale of alcoholic beverages?

"THE WITNESS: A To be certain that anyone that buys alcoholic beverages is twenty-one years old.

"Q Why is that?

"A Well, if they didn't it would be subject to criminal charges that could mean—could lead to a $500 fine and six months in jail or I could lose my license. It would jeopardize my business that I worked all my life for. And, you cannot buy insurance to cover such losses."

"MR. FUNK: Objection, ask for a mistrial, mention of insurance and besides it's a fact that's incorrect.

"THE COURT: Objection overruled.

"MR. HOURAN: Q In other words, if anything arising out of the sale of alcoholic beverages none of your expenses are paid, or any judgment is not paid by any type of insurance, is that correct?

"THE WITNESS: A Correct.

"MR. FUNK: Object and ask the answer be stricken, ask again for a mistrial. The question is using the term of insurance. Mr. Win Houran knows that it's inadmissible in the trial.

"THE COURT: Still that would show a desire and some motive for giving the instructions. The reason for the instructions I think would be evidence the jury can weigh.

"MR. FUNK: Also assumes facts not in evidence.

"THE COURT: I don't believe so. I believe the witness has answered the question."

The oft-cited rule in Indiana has been stated as follows:

"[I]n an action for damages growing out of an automobile accident evidence as to insurance carried by the defendant is ordinarily inadmissible not only because it is irrelevant but because it tends to prejudice the jury against the defendant. See: *Martin v. Lilly* (1919), 188 Ind. 139, 146, 121 N.E. 443, 445; *Flamion v. Dawes* (1929), 91 Ind.App. 394, 400, 169 N.E. 60, 62; See also: *City of Terre Haute v. Deckard* (1962), 243 Ind. 289, 295, 183 N.E.2d 815, 818.

"Conversely, evidence as to the failure of the defendant to carry insurance is likewise generally inadmissible on the ground of irrelevancy and as improperly tending to arouse sympathy for a defendant that he would personally have to pay the amount of any verdict the jury might return."

*Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E.2d 633, 637. An exception to this general rule exists if the proof of liability insurance is revealed incidental to proof of competent evidence which is relevant to the issues involved in the trial. *Pickett v. Kolb* (1968), 250 Ind. 449, 237 N.E.2d 105. In this case the testimony regarding defendant's lack of insurance had no relevance to the issues at trial. The precise reasons Fitzgerald may have had for instructing his employees were not related to the issue of whether a sale had, in fact, been made.

Since the trial court allowed inadmissible evidence to be considered by the jury, we must determine whether the error so prejudiced the proceedings as to require reversal.

 Under Indiana law, a deliberate attempt by counsel to inject insurance into a case constitutes reversible error. *Lamb v. York* (1969), 252 Ind. 252, 247 N.E.2d 197. The transcript shows that Lake Eliza's counsel initially did not intentionally elicit testimony as to Lake Eliza's lack of insur-

ance. However, after the Gardners' counsel objected and moved for a mistrial, Lake Eliza's counsel reiterated the lack of insurance in a question specifically asking whether a potential judgment would not be paid by any type of insurance. The Gardners' counsel's immediate objection and motion for mistrial were again ignored. We are unable to imagine a more deliberate method of introducing evidence that a defendant lacks insurance.

■■ Normally, when evidence of insurance (or the lack of it) is interjected into a trial, the trial court may withdraw the case from the jury or admonish the jury. *Herman v. Ferrell* (1971), 150 Ind.App. 384, 276 N.E.2d 858. In the alternative, a party may tender an instruction admonishing the jury. *Id.* However, in the present case, the Gardners have shown a deliberate attempt by Lake Eliza to influence the jury. In addition, their counsel twice objected and moved for a mistrial, which motions were denied. *Kirk v. Harris* (1977), Ind.App., 364 N.E.2d 145. The trial court should have granted the motion for a mistrial.

We reverse the trial court's judgment and remand for a new trial.

GARRARD, P. J., and HOFFMAN, J., concur.