Thomas SPRATT, et al.,
Plaintiffs-Appellants,

v.

George ALSUP, Defendant-Appellee.

No. 3–383A83.

Court of Appeals of Indiana,
Third District.

April 10, 1984.

Ordered Published April 26, 1984.

Rehearing Denied July 23, 1984.

Transfer Denied Oct. 15, 1984.

William F. McNagny, James P. Fenton, Barrett, Barrett & McNagny, Fort Wayne, for plaintiffs-appellants.

Richard F. Joyce, Plymouth, Albert C. Hand, Hand, Muenich & Wilk, Highland, for defendant-appellee.

GARRARD, Judge.

## MEMORANDUM DECISION

Appellants Thomas Spratt (Thomas) and Florence Spratt (Florence) brought an action for personal injury arising from a collision on June 26, 1980 against George Alsup (Alsup) and Albert Ehly.[1] Alsup filed a counterclaim against Thomas for personal injury arising from the same collision. The evidence disclosed that Spratts were driving a Ford van which was pulling an Airstream trailer. They were attempting to cross U.S. Highway 30, consisting of four lanes separated by a median. As they drove past the median into the westbound lanes of U.S. 30 they were struck by the Alsup automobile which was traveling west on U.S. 30. The trial court found for Alsup and awarded $10,000 in damages against Thomas.

Thomas and Florence maintain they should be granted a new trial due to Alsup's deliberate injection of insurance into the case despite their failure to seek a mistrial for tactical reasons. In addition, they allege the trial court erred in giving two instructions to the jury. We affirm.

Thomas forcefully maintains that Alsup's counsel deliberately sought to provoke a mistrial for tactical reasons through the following exchange during cross-examination of Thomas:

"QUESTIONS BY MR. HAND

A. Mr. Spratt with regard to all these bills that we're talking about and your van and the new car that you bought, Farm Bureau Insurance Company paid you back for all that didn't they?

Mr. McNagny: We're going to object to that Your Honor. That is a question which is, as Mr. Hand knows, is improper and unethical. He's injected insurance into this case absolutely deliberately and improperly and we're going to ask that the Court admonish him and tell the jury to disregard his deliberate misconduct.

The Court: Objection will be sustained and the jury is directed to disregard the last comment of defendant's counsel.

Q. All of this money came out of your pocket that you testified to is that right? You were never reimbursed for it?

Mr. McNagny: I'll object to that cause that is a question which does not concern either Mr. Hand or any matter in this case.

The Court: Objection....

Mr. McNagny: The question is both improper and is deliberate misconduct.

The Court: Objection sustained."

In addition, Alsup's counsel later asked the following question on direct examination of Alsup:

"Q. Was, did you have any coverage that paid for your automobile, your Datsun automobile from the collision standpoint or the repairs or a new automobile?

Mr. McNagny: We'll object to that. It's got no bearing on the issue.

The Court: Objection sustained."

■ It appears clear that Alsup deliberately attempted to inject evidence of insurance into the case. Under the rule in *Lamb v. New York* (1969), 252 Ind. 252, 247 N.E.2d 197 and *Gardner v. Lake Eliza Resort* (1979), 180 Ind.App. 637, 390 N.E.2d 666, reversible error occurs under these circumstances if counsel objects and *moves for a mistrial* which is denied. In *Gardner, supra,* the court reversed and remanded for a new trial when counsel had deliberately attempted on two occasions to inject evidence of insurance. Opposing counsel had twice objected to its admission and twice moved for a mistrial. The objections were overruled and the motions denied.

■ When evidence regarding the presence or absence of insurance is injected into a trial, the normal procedure is to request the court to withdraw the case from the jury or admonish the jury to disregard the evidence. *Herman v. Fer-*

1. The claim against Ehly was subsequently dis- missed on plaintiff's motion.

*rell* (1971), 150 Ind.App. 384, 276 N.E.2d 858. In addition, a party may tender an instruction admonishing the jury. *Id.*

■ Thomas should have moved for a mistrial. Thomas admits refraining from so moving purely for tactical purposes. Now that the judgment of the trial court is against him he cannot complain of error which could have been timely and properly cured by a motion for a mistrial. Thomas' failure to request a mistrial for strategic purposes is not mitigated by Alsup's strategy to gain one. Thomas must be content with the sole remedy sought, i.e., an admonition to the jury to disregard the question. No reversible error has been shown.

Thomas claims the court's instruction No. 14 was an incorrect statement of the law, confusing to the jury and prejudicial to him. Instruction No. 14 states:

"You are instructed that speed alone without being the proximate cause of the accident in question is not negligence."

Thomas argues that it is well settled that violation of a statutory duty without legal excuse is negligence as a matter of law.[2] Consequently the instruction is erroneous in that speed in excess of the statutory limit *is* negligence. He maintains that this erroneous statement of the law may not be cured by other instructions of the court[3] and is absolutely contradictory to the

court's instruction No. 10,[4] thereby confusing the jury and resulting in prejudice to him.

■ Instruction No. 14 is not a proper instruction when viewed in isolation or in comparison with Instruction No. 10. The correct statement of the law on this matter is stated in *Blankenship v. Huesman* (1977), 173 Ind.App. 98, 101, 362 N.E.2d 850, 852:

"Violation of a duty prescribed by statute is generally negligence as a matter of law. Negligence as a matter of law, however, does not necessarily mean liability as a matter of law. *New York Central R.R. v. Glad* (1962), 242 Ind. 450, 179 N.E.2d 571. A party may counter this evidence of negligence by showing justification for his noncompliance ... or by showing that his violation of the statute was not the direct cause of the injuries or damages sustained. *Pontious v. Littleton* (1970), 146 Ind.App. 369, 255 N.E.2d 684; *McCall v. Sisson* (1975), 166 Ind.App. 403, 336 N.E.2d 660. Violation of a statutory duty then is only prima facie evidence of negligence, and the jury must resolve the issue. *McCall v. Sisson, supra.*"

■ Even where an instruction in isolation appears erroneous, the court must consider it in light of all instructions given.

**2.** Citing 21 I.L.E., *Negligence* Section 310, pp. 273–75 (and cases collected therein).

**3.** Citing 28 I.L.E., *Trial* Section 275, p. 279.

**4.** "Instruction No. 10.
At the time and place of the accident described in the complaint there was in full force and effect in the State of Indiana a certain Statute entitled 'Entering Through Highway or Intersection,' the pertinent parts of which are as follows:
'Speed Regulations
(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle, or other conveyance on or near, or entering a highway in compliance with legal requirements and with the duty of all persons to use due care.

(b) Except when a special hazard exists that requires lower speeds for compliance with paragraph (a) of this Section, the limits specified in this Section or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle on a highway at a speed in excess of such maximum limits: ...
(2) fifty-five (55) m.p.h. on the interstate defense network of dual highways and in other locations ...
(c) The driver of every vehicle shall consistent with requirements in paragraph (a) drive in an appropriate reduced speed when approaching and crossing an intersection ... when approaching a hillcrest.'
If you find from a preponderance of the evidence that the defendant violated the Statute, at the time of the accident described in the complaint, and that the violation was without excuse or justification, such conduct would constitute negligence on the part of the Defendant."

*Finster v. Wray* (1960), 131 Ind.App. 303, 164 N.E.2d 660; *Prudential Insurance Co. v. Thatcher* (1936), 104 Ind.App. 14, 4 N.E.2d 574. The court properly instructed the jury on Thomas' burden of proof [5] which stated the relationship of speed, negligence and proximate cause to this case. In addition, the court explained to the jury what Thomas' claim regarding speed, proximate cause and negligence was in its preliminary Instruction No. 2.[6] If, from all the instructions, it appears that the challenged instruction could not have misled the jury, it will be considered harmless. *Wyler v. Lilly Varnish Co.* (1969), 146 Ind.App. 91, 252 N.E.2d 824. In the context of all instructions given to the jury here, Instruction No. 14 could not have misled the jury and was harmless to Thomas' case.

Thomas maintains the court's Instruction No. 16 was an incorrect statement of the law in that it imposed a duty of lookout and warning on a passenger in a motor vehicle. The court's Instruction No. 16 read as follows:

"If you find that the plaintiff, Florence Spratt, knew or should have known of the approach of George Alsup's vehicle and there was sufficient time in which to warn the driver of the vehicle, in which she was a passenger or driver, of the defendant/counter-claimant's approach, and that said warning by Florence Spratt could have enabled George Alsup, the driver, to avoid the collision, then you may find that plaintiff/counter-defend-

ant, Florence Spratt, was negligent in that she failed to exercise reasonable and ordinary care to protect herself from injury and that her negligence proximately contributed to her injuries, then your verdict should be in favor of the defendant/counter-claimant, George Alsup."

Florence asserts that Indiana law imposes on passengers no duty to keep a lookout; that there was no evidence plaintiff should have known of defendant's approach; and that the issue was not raised by the pleadings.

An occupant of a vehicle is generally not required to be constantly on the lookout for unexpected danger. 3A I.L.E. *Automobiles and Motor Vehicles* Section 262, p. 269. However, she has some duty to maintain a proper lookout, *Kavanagh v. Butorac* (1966), 140 Ind.App. 139, 221 N.E.2d 824, which is to say, a passenger remains under a duty to exercise reasonable care. An occupant may properly assume that the driver will exercise proper care and caution. Generally she need not keep a lookout for approaching vehicles and must only act as a reasonable person would in the same or similar circumstances. *Lindley v. Sink* (1940), 218 Ind. 1, 30 N.E.2d 456; *Horton v. Sater* (1966), 140 Ind.App. 1, 221 N.E.2d 452, 456. Nevertheless, if a passenger using reasonable care should have seen an approaching vehicle enabling her to warn the driver who could have prevented the collision, it would have been her duty to do so. *Kavanagh v. Butorac, supra; Mattes v. Brugner* (1927),

---

5. "Instruction No. 13.

Each of the Plaintiffs has the burden of proving the following propositions:
First: That the Defendant was negligent in one or more of the following particulars:
a. exceeding the posted speed limit of 55 m.p.h.
b. driving at an excessive speed and in excess of 90 m.p.h.

&ast; &ast; &ast; &ast; &ast; &ast;

Second: That one or both of the Plaintiffs was injured and that property belonging to one or both of the Plaintiffs was damaged.
Third: That the negligent act or omission of the Defendant was a proximate cause of injury to the Plaintiff and injury to the Plaintiff's property.

If you find from a consideration of all the evidence that these propositions have been proved, then your verdict should be for each Plaintiff of whom such propositions have been proved. However, if you find from a consideration of all the evidence that any of these propositions have not been proved, or if you find that a Plaintiff was guilty of contributory negligence, then your verdict should be for the Defendant as to that Plaintiff."

6. Instruction No. 2 stated, in pertinent part:
"That the proximate cause of the collision was the following negligent acts and omissions of the defendant:
a. exceeding the posted speed limit of 55 m.p.h. . . . ."

88 Ind.App. 36, 159 N.E. 156. The court's Instruction No. 16 correctly states the law in Indiana given the circumstances here. Florence testified that she looked both ways before and during the crossing of U.S. 30 and did not see Alsup's car approaching. Florence testified at trial that she first saw Alsup's car immediately prior to impact but stated in a deposition used for impeachment purposes that she saw it 30 seconds before impact.

 The evidence was sufficient to raise the question of Florence's use of reasonable care under the circumstances. Thus, the trial court correctly instructed the jury on this issue.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.