**William STONE, Appellant–Defendant,**

v.

**Barbara STAKES, Appellee–Plaintiff.**

No. 11A05–0008–CV–349.

Court of Appeals of Indiana.

June 21, 2001.

**1278**

Robert R. Foos, Jr., Marc Lloyd, Indianapolis, IN, Attorneys for Appellant.

Robert Hunt, Terre Haute, IN, Attorney for Appellee.

**1.** We heard oral argument on this case on May 18, 2001, at Attica Junior/Senior High School in Attica, Indiana. We wish to express our appreciation to the Warren and Fountain County Bar Associations for the invitation, to the administration, faculty, and staff of Attica Schools for their hospitality,

**OPINION**

ROBB, Judge.

Barbara Stakes sued William Stone for injuries she sustained in an automobile accident. The case was submitted to a jury, and the jury returned a verdict in favor of Stakes in the amount of $25,000. Stone now appeals. We affirm.

*Issue*

Stone raises a single issue for our review, which we restate as whether the trial court properly denied his motion for mistrial when the plaintiff's counsel informed the jury pool during voir dire that the firm representing him was the "Litigation Section" of an insurance company.

*Facts and Procedural History* [1]

On July 29, 1996, an automobile in which Stakes was a passenger was struck by an automobile operated by Stone. Stakes initiated a lawsuit against Stone for injuries she sustained in the accident.[2] Stone failed to file an answer or other responsive pleading, and Stakes made a motion for default judgment. The trial court granted the motion for default and entered judgment for Stakes. Thereafter, Stakes moved for a hearing on damages. A jury trial on the issue of damages was scheduled. Mr. Robert Foos of "Conover & Foos" filed an appearance on behalf of Stone and filed a pre-trial motion in limine seeking to exclude, among other things, any reference at trial to the fact that Stone "carried liability insurance through any carrier for any reason...." R. 49. This motion in

and to the students for their attention and their challenging and insightful questions.

**2.** The driver of the car in which Stakes was a passenger also asserted a claim against Stone. That claim, however, was settled and is not a part of this litigation.

limine was granted "with the exception of Voir Dire." R. 83.

The morning of trial, Mr. Marc Lloyd filed an appearance on behalf of Stone which gave his address as "Conover & Foos Litigation Section of Warrior Insurance Group, Inc." R. 84. Jury selection began with Stakes' counsel introducing himself and his client and asking if any of the prospective jurors knew him, his client, or members of his law firm.[3] He also introduced Stone's counsel by saying, "Mr. Stone is appearing here today by his attorney from Indianapolis, Marc Lloyd. He is with the firm of Conover and Foos of the Warrior Insurance—litigation section of the Warrior Insurance Group." R. 146. Lloyd objected, and his objection was overruled. Stakes' counsel asked if any of the prospective jurors knew Mr. Lloyd, any member of his firm, or if they had "any interest in or affiliation with [Gallant] Insurance Company or the Warrior Insurance Group?" R. 147.

When Stakes' counsel completed his portion of the voir dire, Stone's counsel asked to approach the bench and "moved for mistrial and the striking of the jury due to [Stakes'] counsel['s] statement relative to insurance." R. 127.[4] Stone's motion was overruled, and the trial proceeded on the issue of damages. The jury returned a verdict in favor of Stakes in the amount of $25,000. Stone now appeals.

### Discussion

Stone contends that the trial court erred in denying his motion for mistrial where the plaintiff, by introducing his counsel to the jury pool as a member of the litigation section of an insurance company, impermissibly made reference to the fact that Stone carried liability insurance.

### I. Standard of Review

The trial court's determination of whether to grant a mistrial is afforded great deference on appeal because the trial court is in the best position to evaluate the relevant circumstances of a reference and its impact on the jury. *City of Indianapolis v. Taylor*, 707 N.E.2d 1047, 1058 (Ind. Ct.App.1999), *trans. denied.* To prevail on appeal from the denial of a motion for mistrial, the movant must demonstrate that the statement in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Id.* However, mistrial is an extreme remedy to be granted only when no other less drastic measure can rectify the perilous situation. *Id.* We determine the gravity of the peril by the probable persuasive effect of the misconduct on the jury's decision rather than by the degree of impropriety of the conduct. *Id.*

### II. Reference to Insurance

Our supreme court has long held that evidence that a defendant has insurance is not allowed in a personal injury action and that its admission is prejudicial. *Rausch v. Reinhold*, 716 N.E.2d 993, 1002 (Ind.Ct.App.1999), *trans. denied. See Pickett v. Kolb*, 250 Ind. 449, 237 N.E.2d 105, 107 (1968); *Martin v. Lilly*, 188 Ind. 139, 121 N.E. 443, 445 (1919). Normally, when inadmissible evidence of insurance coverage is interjected into a trial, it is within the trial court's discretion to with-

---

3. The jury pool was informed prior to the beginning of voir dire that Stone had "passed away from causes that were totally unrelated to the issues involved in this lawsuit." R. 141.

4. The sidebar conference was not recorded. This recitation of events during the sidebar comes from the trial court's "trial order" reflecting the events which occurred the first day of trial.

draw the case from the jury or admonish the jury. *Duke's GMC, Inc. v. Erskine,* 447 N.E.2d 1118, 1120 (Ind.Ct.App.1983). The rationale for not allowing evidence regarding insurance is that if the jury becomes aware of the fact that the defendant carries liability insurance and will not bear the brunt of any judgment, the jury may be prejudiced in favor of an excessive verdict.[5] *Rust v. Watson,* 141 Ind.App. 59, 76, 215 N.E.2d 42, 51 (1966). On the other hand, if the jury becomes aware of the fact that the defendant *does not* have insurance and will bear the entire burden of any judgment, the jury may be prejudiced in favor of a minimal verdict. *Strand v. Pedersen Bros. Co.,* 140 Ind.App. 621, 623, 224 N.E.2d 689, 690 (1967).

### A. Waiver of Claim

We first address Stakes' contention that Stone has waived the issue of the improper injection of information about insurance. The parties agree that at a sidebar conference during voir dire, counsel for Stone moved for a mistrial and asked that the jury be stricken. This motion was denied. Stakes contends that *in addition* to moving for a mistrial, Stone should have asked that the jury be admonished or tendered an instruction directing the jury to disregard any reference to insurance. We acknowledge the case law which would suggest that the remedy for the improper interjection of insurance into a trial is to seek an admonishment or tender an instruction. *See Duke's GMC,* 447 N.E.2d at 1121 ("[I]f the trial court does not admonish the jury regarding the interjection of insurance and an admonition is deemed necessary by the injured party, then an instruction should be tendered."); *Clouse*

*v. Fielder,* 431 N.E.2d 148, 153 (Ind.Ct. App.1982) ("When inadmissible evidence of insurance coverage is interjected into a trial, the trial court may withdraw the case from the jury or admonish the jury."). Stakes asserts that Stone's failure to request an admonishment waives any error. However, Stone's counsel asserted at oral argument that to request such an admonishment or instruction would only emphasize the reference and compound the error. Because Stone did make a motion seeking a remedy, albeit a drastic remedy, for the allegedly improper reference, we decline to decide this case on the basis of waiver, and turn instead to the merits.

### B. Interjection of Insurance

 The crux of Stone's argument is that he was prejudiced by Stakes' reference to insurance during voir dire because the jury verdict may have been compromised or somehow influenced by the disclosure. It is important to note at this juncture the precise timing of the reference. The reference was made during voir dire, while the parties were questioning the prospective jurors, and not made during the trial itself. The trial court is afforded broad discretion in regulating the form and substance of voir dire examination. *Antcliff v. Datzman,* 436 N.E.2d 114, 121 (Ind.Ct.App.1982). The purpose of allowing voir dire examination of prospective jurors is to permit the rational exercise of the rights of challenge, peremptory and for cause. *FMC Corp. v. Brown,* 551 N.E.2d 444, 447 (Ind.1990). The motion in limine filed by Stone in this case with respect to insurance was granted with the specific exception of voir dire.

---

5. We note that Stone's brief contains the following assertion: "there is a presumed prejudice that probably will be created in the minds of the jurors if they realize that the defendant is insured," citing *Rust,* 215 N.E.2d

at 53. What *Rust* actually says, however, is that "[t]he continued recognition of such presumed prejudice can be seriously questioned today." *Id.*

Stone does not contend that there is any error in allowing Stakes' counsel to question the prospective jurors about any interest they might have in Warrior Insurance Group or Gallant Insurance Company. Stone's allegation of error rests solely on Stakes' identification of Stone's attorneys as members of the Conover and Foos Litigation Section of the Warrior Insurance Group during voir dire. He alleges that the identification "immediately implies to the jury that the Defendant was covered by liability insurance," which is not relevant to the issues in this case and is prejudicial to Stone. Brief of the Appellant at 11. He argues that Stone was prejudiced by the reference to insurance, such prejudice being shown by the verdict rendered by the jury. At trial, Stakes introduced evidence of $4,170.85 in medical expenses and $1,289.00 in incidental expenses. The jury verdict was in favor of Stakes in the amount of $25,000. Stone contends that not only was this verdict excessive in light of the evidence, but it is also the amount of the minimum liability coverage in this state.[6]

As stated above, it is generally true that allowing evidence of liability insurance to be interjected into a personal injury action is error. Evidence Rule 411 states that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." However, this "does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as ... ownership, or control, or bias or prejudice of a witness." Evid. R. 411. Although Rule 411 is an evidentiary rule not strictly applicable to voir dire, it provides some guidance in this area regarding

what categories of inquiry are acceptable. Rule 411 does not limit the allowable evidence regarding insurance only to financial interest, but also allows evidence going to bias or prejudice. Thus, a question regarding a juror's relationship, financial or otherwise, with a specific insurance company on voir dire examination is not error if the question is asked in good faith. *Rust*, 215 N.E.2d at 52–53.

Stone, however, alleges that Stakes' counsel's reference to the full name of the firm representing Stone was a deliberate attempt to interject the notion of insurance into the juror's minds. Stone cites several examples of cases in which a reference to insurance was held to be inadvertent, and argues that this instance could not be called inadvertent. *See Lamb v. York*, 252 Ind. 252, 261–62, 247 N.E.2d 197, 203–04 (1969) (holding that when counsel asked a witness his occupation, which revealed that he worked for an insurance company, it was not a deliberate interjection of insurance because the witness's occupation was apparently unknown to counsel when he asked the question); *Clouse*, 431 N.E.2d at 153–54 (admonishment and not mistrial was appropriate remedy where plaintiff stated, in an answer on direct examination, that the police officer at the scene of the accident asked the defendant about her insurance because the reference was inadvertent and innocuous, in that the answer did not disclose whether or not the defendant had insurance); *Herman v. Ferrell*, 150 Ind.App. 384, 276 N.E.2d 858, 863 (1971) (holding that witness's mention that he had spoken to an insurance adjuster, elicited in response to a question on redirect examination, was not a deliberate attempt to interject insurance). *Cf. Gardner v. Lake Eliza Resort*, 180 Ind.App.

---

**6.** Stone does not, however, raise the allegedly excessive verdict as a separate issue on appeal.

637, 390 N.E.2d 666, 669 (1979) (holding that even though defense counsel inadvertently obtained information from a defense witness regarding the defendant's lack of insurance, the fact that counsel reiterated the lack of insurance with his next question constituted a deliberate attempt to interject insurance and required a new trial).

That Stakes' counsel referred to the attorney representing Stone as a member of the "Litigation Section of Warrior Insurance Group" does not tie Stone any more directly to insurance than the admittedly proper questioning of the jurors about a financial interest in Warrior or Gallant. Any prejudice due to the reference is entirely too speculative to require reversal in this case. There may have been equally effective ways to find out if prospective jurors have had any dealings with Stone's attorney or attorneys in his office. However, we do not believe that Stakes' counsel, reading from an appearance form handed to him that morning which, for the first time, identified Stone's counsel as a member of a captive law firm of Warrior Insurance, was deliberately attempting to inform the jury that Stone was covered by liability insurance and prejudice the venire in favor of a verdict for his client.[7] If this were a case which involved two independent law firms, rather than an independent law firm and a captive law firm, there is no question that it would have been appropriate for Stakes' counsel to have asked the venire if any of them knew, had been represented by, or had dealings with not only the attorney present in court, but any other member of his or her firm, naming that firm. It is entirely conceivable, especially in this day of increasingly common lateral moves from firm to firm, that a prospective juror would not know any of the current attorneys in a firm, but would have known attorneys previously associated with that firm. There could be prejudice for or against not only individual members of a firm but also a firm itself. In this particular instance, it just so happens that the "firm" is actually an insurance company. Moreover, counsel for Stone acknowledged at oral argument that if he were in-house counsel for an insurance company, rather than a member of a captive law firm, it would have been appropriate for Stakes' counsel to identify him as in-house counsel for that insurance company. We believe that the difference between in-house counsel and members of a captive law firm is a difference without a distinction. In both situations, counsel is employed by an insurance company and represents the interests of that company. Thus, if it would be appropriate to identify in-house counsel by his or her affiliation with a company, it is equally appropriate to identify a member of a captive law firm in such a way.

Because this was a singular reference during voir dire to the fact that the attorneys representing Stone were employed by an insurance company, and because any prejudice from such a reference is speculative at best, we decline to hold that Stakes' counsel was deliberately attempting to interject the issue of insurance into this trial. The trial court did not err in denying Stone's motion for mistrial.

### Conclusion

The trial court did not err in denying Stone's motion for mistrial inasmuch as

---

**7.** We note that Stone's counsel fails to include any firm name on the briefs filed with this court, a practice which could be interpreted as holding oneself out as a sole practitioner. The Supreme Court in *Cincinnati Ins. Co. v. Wills,* 717 N.E.2d 151, 165 (Ind.1999) prohib- ited the use of a name by a captive law-firm that implies an independence from the insurance company and is therefore misleading. We believe this rationale applies to failing to list any law firm name which could be equally misleading.

Stone has failed to show a deliberate attempt to prejudice the jury against him. Accordingly, the judgment is affirmed.

Affirmed.

BROOK, J., and RILEY, J., concur.