William STONE, Appellant–Defendant,

v.

Barbara STAKES, Appellee–Plaintiff.

No. 11A05–0008–CV–349.

Court of Appeals of Indiana.

Sept. 13, 2001.

---

2.  The new rule on costs may be found at Ind.      Appellate Rule 67.

Mark Lloyd, Indianapolis, Indiana, Attorney for Appellant.

Robert Hunt, Terre Haute, Indiana, Attorney for Appellee.

## OPINION ON REHEARING

ROBB, Judge

William Stone petitions this court for rehearing of our decision dated June 21, 2001. In that opinion, we held that the plaintiff's mention that defendant's attorney was represented by the "Litigation Section of Warrior Insurance Group, Inc." did not deliberately interject insurance into the personal injury trial and that the trial court's failure to grant defendant's motion for mistrial was not error. *Stone v. Stakes,* 749 N.E.2d 1277, 1282 (Ind.Ct. App.2001). We grant Stone's petition for rehearing for the sole purpose of addressing a point raised by Stone in his petition regarding our duty to balance case law and rule, but affirm our decision in all respects.

Stone contends that "the real issue" in this case was how to balance our supreme court's holding in *Cincinnati Ins. Co. v. Wills,* 717 N.E.2d 151 (Ind.1999) with the "legislative intent" of Rule of Evidence 411. Appellant's Petition for Rehearing at 10. *Wills* held that captive law firms were permissible in Indiana, but must not be named so as to imply an independence from the insurance company that does not in fact exist. Rule 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Stone contends that we must try to reconcile *Wills* with Rule 411, giving deference, if required, to Rule 411.

■ We note first that Rule 411 is not a statute, and was not enacted by the legislature. The Indiana Supreme Court adopted the Indiana Rules of Evidence on August 24, 1993, to become effective on January 1, 1994. *See Graham v. State,* 736 N.E.2d 822, 824 (Ind.Ct.App.2000). Therefore, Stone's argument that Rule 411's prohibition against the mention of insurance should take precedence over the supreme court's holding in *Wills,* relying as it does on statutory construction and our duty to give deference to the legislative intent, is not well-taken. It is also important to note that Rule 411's prohibition is not a total prohibition of the mention of insurance, but has limitations in its restrictions.

We must assume that the supreme court's pronouncements in Rule 411 and *Wills* can be reconciled. Requiring captive law firms to indicate their association with an insurance company as part of their name and allowing opposing counsel to identify the firm by name to prospective jurors does not impinge upon Rule 411's decree that liability insurance is not admissible "upon the issue whether the person acted negligently or otherwise wrongfully" where, as here, the reference is brief, occurs during voir dire, and is not demonstrably calculated to unduly prejudice the jury.

We agree with Stone's assertion, and so stated in our opinion, that there may be other, equally effective ways to uncover juror bias or interest in an insurance company than directly stating the name of the captive law firm. However, the mere fact that it is possible does not mean that when counsel discloses the name of the firm, he or she is necessarily attempting to deliberately interject the issue of insurance into the trial. Even assuming Rule 411 is relevant to voir dire, the rule clearly allows the interjection of a reference to insurance for such other purposes as ownership, control, bias, or prejudice. The issue does not turn on whether the mention of a captive law firm's name was deliberate or inadvertent, but rather on whether the mention was deliberately done in a manner to suggest the defendant acted negligently.

We stand by our original holding that Stone has failed to demonstrate that Stakes' counsel was attempting to deliberately prejudice the jury by his brief reference to the name of Stone's counsel's firm during voir dire.

RILEY, J., and BROOK., J., concur.